JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RITA HARRIS

**DEFENDANTS**
FAMILY SERVICE ASSOCIATION

(b) County of Residence of First Listed Plaintiff: **ATLANTIC**

County of Residence of First Listed Defendant: **ATLANTIC**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

William Rieser, Esquire
Law Offices of Sidney L. Gold & Associates, P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103  215-569-1999  wrieser@discrimlaw.net

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
TITLE VII, FMLA, NJLAD

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 2-11-2013

SIGNATURE OF ATTORNEY OF RECORD
William Rieser, Esquire

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| RITA HARRIS, | CIVIL ACTION NO.: |
| *Plaintiff,* | |
| v. | |
| FAMILY SERVICE ASSOCIATION, | JURY TRIAL DEMANDED |
| *Defendant.* | |

## COMPLAINT AND JURY DEMAND

### I.  PRELIMINARY STATEMENT

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Rita Harris ("Plaintiff"), a former employee of Defendant, Family Service Association ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of her employment.

2. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), the Civil Rights Act of 1871, 42 U.S.C. §1981("§1981"), the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., and the New Jersey Law Against Discrimination, N.J. Stat. §10:5-1 et seq. ("NJLAD").

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on Title VII, §1981, and the FMLA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff'sss claims arising under the NJLAD.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff'ss claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On December 12, 2012, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Rita Harris, ("Plaintiff") is a forty-five (45) year old citizen of the State of New Jersey, residing therein at 3801 Reading Avenue, Hammonton, New Jersey 08037.

8. Defendant, Family Service Association ("Defendant"), is a non-profit organization duly organized and existing under the laws of the state of New Jersey, maintaining a principal place of business located at 3073 English Creek Avenue, Suite 3, Egg Harbor Township, New Jersey 08234

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, §1981, the FMLA, and the NJLAD and has been, and is, subject to the provisions of each said Act.

11. At all times relevant hereto, Plaintiff was an "eligible employee" as defined by the FMLA and was entitled to the protection of the provisions of said Act.

## IV. STATEMENT OF FACTS

12. Plaintiff, a forty-four (44) year old, disabled, African-American female, was employed by the Defendant from in or about January of 2000 until on or about August 30, 2011, the date of the Defendant's unlawful termination of her employment.

13. During the course of her ten (10) year tenure with the Defendant, Plaintiff has held various positions and at all times maintained an excellent job performance rating in each position, resulting in numerous promotions, ultimately reaching the position of Director, the position she held at the time of the unlawful termination of her employment.

14. In or about the beginning of June of 2011, Plaintiff was diagnosed with Fibromyalgia, a herniated disc, and hypertension. Said impairments constitute disabilities within the meaning of the New Jersey Law Against Discrimination ("NJLAD") in that they impair one or more of Plaintiff's major life activities. Immediately thereafter, Plaintiff informed the Defendant of said disabilities.

15. In connection therewith, on or about June 7, 2011, Plaintiff applied for, and undertook an approved FMLA leave of absence for the aforementioned disability.

16. Thereafter, the Defendant embarked upon a campaign of discrimination and retaliation against Plaintiff on the basis of her actual and/or perceived disabilities and/or record of impairment (Fibromyalgia, a herniated disc, and hypertension) and for taking FMLA leave.

17. In support thereof, while Plaintiff was out of work on her FMLA-approved leave of absence, Jennie Echo ("Echo"), Vice President, called Plaintiff with unfounded accusations that Plaintiff was not adequately performing her job as a Director.

18. In further support thereof, notwithstanding the fact that Plaintiff was eligible and entitled to twelve (12) weeks of protected leave through FMLA, on or about August 29, 2011, Cindy Herdman-Ivins ("Herdman-Ivins"), Chief Executive Officer, sent Plaintiff a letter informing her that her employment was terminated.

19. Interestingly, Plaintiff's protected FMLA leave was not set to terminate until on or about September 7, 2011, twelve (12) weeks from the commencement of the first day of her leave of absence.

20. Plaintiff telephoned the Human Resources Department to inquire as to why her employment was being terminated. Marion McLauren ("McLauren"), VP of Human Resources, informed Plaintiff that her protected twelve (12) weeks ended on or about August 30, 2011, allegedly because the Defendant did not count weekends when tallying the twelve (12) weeks.

21. However, nothing in the Defendant's FMLA policy discusses the Defendant not counting weekends when tallying the twelve (12) weeks.

22. Plaintiff believes and avers that no legitimate business reason existed for the termination of her employment. Plaintiff believes the Defendant terminated her employment on the basis of her actual and/or perceived disability and/or record of impairment (Fibromyalgia, a herniated disc, and hypertension), and/or in retaliation for Plaintiff exercising her FMLA rights.

23. Upon information and belief, the Defendant replaced Plaintiff with Dawn LNU ("Dawn"), a significantly less experienced, less qualified, Caucasian individual with no actual and/or perceived disability and/or record of impairment.

24. Additionally, by abruptly terminating Plaintiff's employment on the basis of her actual and/or perceived disability and/or record of impairment (Fibromyalgia, a herniated disc, and hypertension), the Defendant failed to enter into the interactive process to examine whether it could reasonably accommodate her disability.

### COUNT I
### (Title VII - Race Discrimination)
### Plaintiff v. Defendant

25. Plaintiff hereby incorporates by reference paragraphs 1 through 24 of her Complaint as though fully set forth herein.

26. The actions of Defendant, through its agents, servants and employees, as aforesaid, were discriminatory in nature and motivated by reason of Plaintiff's race (African-

American), in violation of Title VII.

27. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

28. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (42 U.S.C. §1981 - Race Discrimination)
### Plaintiff v. Defendant

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 of her Complaint as though fully set forth herein

30. The actions of Defendant, through its agents, servants and employees, as aforesaid, were discriminatory in nature and motivated by reason of Plaintiff's race (African-American), in violation of §1981.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus

back pay, and front pay and interest due thereon.

32. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (NJLAD - Race Discrimination)
### Plaintiff v. Defendant

33. Plaintiff incorporates by reference paragraphs 1 through 32 of her Complaint as though fully set forth at length herein.

34. The actions of the Defendant, through its agents, servants and employees, as aforesaid, were discriminatory and retaliatory in nature and motivated by reason of Plaintiff'ss race (African-American), in violation of the NJLAD.

35. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the NJLAD, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (NJLAD - Disability Discrimination, Failure to Accommodate, Failure to Engage in Interactive Process, Retaliation)
### Plaintiff vs. the Defendant

37. Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

38. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination on the basis of her disabilities and/or records of impairment (Fibromyalgia, a herniated disc, and hypertension), failing to engage in the interactive process, failing to provide a reasonable accommodation for her disabilities, and retaliating against her for requesting a reasonable accommodation, constituted violations of the NJLAD.

39. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
## (FMLA Retaliation)
## Plaintiff v. the Defendant

41. Plaintiff incorporates by reference paragraphs 1 through 40 of her Complaint as though fully set forth herein.

42. The actions of the Defendant as set forth herein, including, *inter alia*, terminating Plaintiff's position of employment, were retaliatory and in retribution for Plaintiff's legitimate exercise of her rights under the FMLA.

43. The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff's rights.

44. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT VI
## (FMLA -Interference)
## Plaintiff vs. the Defendant

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

46. Pursuant to the FMLA, Plaintiff was entitled to a total of twelve (12) workweeks of leave during any twelve (12) month period . . . because of a serious health condition that makes the employee unable to perform the functions of the position of such

employee."

47. The actions of the Defendant, in terminating Plaintiff's employment and failing to maintain the Plaintiff's position upon Plaintiff's actual or ostensibly approved date for return from leave of absence and/or to provide Plaintiff a comparable position, interfered with Plaintiff's rights under the FMLA, and constituted a violation of the FMLA.

48. The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff's rights.

49. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

50. Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

    d.    Defendant pay to Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    e.    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

        SIDNEY L. GOLD & ASSOC. P.C.

By: *William Rieser*
WILLIAM RIESER, ESQUIRE
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorneys for Plaintiff

DATED:    February 11, 2013

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.

DATE: 2/4/13

_Rita Harris_, Plaintiff